UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. CLARK,

        Plaintiff,

                                                Case number 04-73742

v.                                     Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

ORDER

On October 17, 2002, Dennis J. Clark ("Clark") filed an application for disability insurance benefits from the Social Security Administration, contending that he had become disabled and unable to work on October 23, 2001, at the age of 40 because of severe pain in his joints, shortness of breath, chest pain, and emotional difficulties. However, when his application for benefits was denied, Clark sought and obtained a de novo hearing before Administrative Law Judge ("ALJ") Larry Meuwissen who determined that he had retained a residual functional capacity to perform a limited range of unskilled, light work.[1] Following the declination by the Appeals Council to review the ALJ's final determination, Clark initiated this lawsuit in an effort to overturn the administrative decision.

_____

[1] "Light Work," as it relates to Social Security issues, involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R § 404.1567(b) (2004).

Motions for Summary Judgment followed.  Magistrate Judge Donald Scheer, to whom these motions were assigned for a report, submitted his recommendation to this Court in which he opined that the administrative decision in dispute was supported by substantial evidence.  Clark, believing that Magistrate Judge Scheer's recommendations were flawed and without legal justification, has now petitioned this Court to (1) set aside the report, (2) reverse the final administrative decision by the ALJ, and (3) remand this case for an evaluation of the effect of the obesity issue upon his ability to perform work within the national economy.

In its assessment of the merit, if any, of Clark's petition for relief, the Court is guided by the applicable Federal Rule of Civil Procedure which states, in pertinent part, that "[t]he District Judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."   Fed. R. Civ. Proc. 72(a). Thus, the Court must seek to determine if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

Initially, Clark submits that the Magistrate Judge had failed to report the existence of credible medical evidence in the record which presumably supports his view that his residual functional work capacity should be restricted to sedentary job assignments. However, the official record in this case does not support this argument, in that it indicates that (1) Clark's physicians had recommended a range of work restrictions (i.e., from mild to none), and (2) he had responded well to the medications that had been prescribed for his aliments.[2] Notwithstanding Clark's

---

[2]An orthopedic surgeon opined that Clark could return to work as long as he avoided jobs which required twisting, turning, heavy lifting or truck driving .Tr. at 115; R&R at 8.  A consulting orthopedic examiner expressed the view that Clark "was able to return to full activity

2

contention, the Court concludes that the evidence relating to this issue supports the Commissioner's position. Hence, this Court must decline to adopt Clark's contention that Magistrate Judge Scheer's decision on this point was clearly erroneous.

Clark also submits that the severity of his inability to handle matters of impairments which were directly attributed to his obesity were not specifically addressed by the ALJ. Thus, he seeks to have this issue returned to the Commissioner for a further evaluation of the effect of obesity upon his cardiovascular, musculoskeletal and respiratory systems, as well as a determination of "whether the combined impairments and ailments would equal the severity required by the Listing of Impairments." (Pls. Obj. at 6). In support of his position, Clark points to SSR 00-3p and 02-01p which explain that the paragraphs added to the Listing of Impairments in Title 20 of the Code of Federal Regulations, subpart P, appendix 1, which preface the musculoskeletal, respiratory, and cardiovascular body system listings "remind adjudicators to consider [obesity's] effects when evaluating disability" and "instruct adjudicators to consider the effects of obesity...when assessing an individual's residual functional capacity." SSR 02-01p.

While the ALJ did not explicitly consider Clark's weight, it was indirectly factored into his decision through the medical records that had been introduced in evidence during the administrative hearing. In his assessment of the parties' dispositive motions, the Magistrate Judge correctly recognized that "Drs. Abrams, Lilly and Wessinger all considered claimant's weight when rendering their respective opinions that the Plaintiff was capable of a limited range of light work." (R&R at 10; Tr. at 115, 512-13, 514-15, 517). Although the obesity issue was not

---

without restriction. Tr. at 513; R&R at 8. Clark's pulmonary disease was moderate with good response to medication and the ALJ reasonably restricted him to work environments that did not expose him to respiratory irritants, temperature extremes or humidity.'" R&R at 8

explicitly mentioned by the ALJ in his evaluation of the then-pending application for benefits, it appears that Clark's physical condition was indirectly considered in the final decision by way of the doctors' collective medical examinations and recommendations.  Since this Court is required to "determine if there is any evidence to support the magistrate judge's finding" rather than to substitute its own judgment, *Nisus Corp. v. Perma-Chink Systems, Inc.*, 327 F. Supp.2d 844, 851 (E.D. Tenn. 2003), an examination of the official record in this cause supports the recommendation of Magistrate Judge Scheer with regard to Clark's weight claim.

There is also a contention by Clark that the Magistrate Judge's report erroneously omitted a written statement by Dr. Charles D. Lilly, a treating orthopedic surgeon, who indicated that his patient was going to "check with work about a less manual labor and sedentary type activities." (Pls. Obj. at 2; Tr. at 115).  Clark seems to argue that this statement supports his contention that he engage in sedentary, as opposed to light work, activity.  However, when viewed in context, Dr. Lilly actually stated:

> I have had a long discussion with Dennis.  I think he needs to get back into doing some sort of work.  I don't think he should be driving truck, doing  lifting, climbing, twisting, heavy lifting on a permanent basis....He does need  to look into re-training. He is going to check work about this and if he could be doing less manual labor and sedentary type activities.

(Tr. at 115).  This language explicitly excludes certain activities but only proposes "less manual labor and sedentary type activities" as a possible measure of accommodation. In addressing this issue, the Commissioner argued that "even if the ALJ had found that [Clark] was limited to sedentary work, Vocational Expert testimony showed that there were still a significant number of jobs [Clark] could perform if he were limited to sedentary work." (Def. Ans. to Obj. at 2). Thus, the Court, after its review of the evidence, concludes that Magistrate Judge Scheer was reasonable in

4

finding that a substantial quantum of evidence in the record supported the ALJ's determination with regard to Clark's residual functional capacity to perform a limited range of unskilled, light work.

Additionally, Clark points to the absence of allegedly significant medical evidence in the Magistrate Judge's report, in which Dr. Rodney Diehl had ostensibly reported substantial problems that had been found by him during physical examinations over a two year period (2002-2003).[3] According to Clark, this omission is clearly erroneous which mandates some form of appropriate relief. The clearly erroneous standard, which is applicable in this case, only requires the Court to determine (1) whether there is any evidence to support the Magistrate Judge's challenged finding, and (2) if his conclusion was reasonable. *Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir.1985).

Contrary to Clark's position on this point, the physical limitations that were caused by his cardiac impairments, were considered by the ALJ and Magistrate Judge Scheer, both of whom opined that Clark had a residual capacity for limited light work. The ALJ considered this evidence before finding that Clark could perform a limited range of light work which did not involve walking more than two hours a day. The Magistrate Judge also considered the medical record, which indicated that Clark's "cardiac symptoms were fairly well controlled with a medication regimen."

---

[3]Specifically, (1) the impression of Clark's physician that his August 2002 echocardiogram was a technically difficult examination and that there was a suggestion that the mid to distal anterior wall and distal anteroseptal wall were hypokinetic relative to other segments, (2) the myocardial perfusion study performed on August 29, 2002, confirming large fixed perfusion defects of the anterior wall and inferior wall that were compatible with old infarcts, (3) the left heart catherization results from October 3, 2002, that revealed 80 to 90% occlusion of the second diagonal branch of the left anterior descending artery, and (4) the October 7, 2003 persantine testing where tomographic imaging was abnormal, and subsequent to which Dr. Diehl noted, on October, 27, 2003, that the Plaintiff continued to have anginial-like symptoms with exercise induced or effort induced angina. (Pls. Obj. at 2-3.)

(Rpt. at 8-9). Thus, despite the omission of the evidence in the record that was specifically identified by Clark in his written objections, the evidence upon which the Magistrate Judge did rely was sufficient and reasonable to support his ultimate conclusions.

Accordingly, the Court determines that (1) Clark's objections to the Report by Magistrate Judge Donald Scheer must be, and are, rejected, and (2) the recommendations within the challenged Report are adopted without modification. Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

 IT IS SO ORDERED.

DATED:   August 10, 2005                         s/ Julian Abele Cook, Jr.
         Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                 United States District Judge

Certificate of Service

I hereby certify that on August 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                 s/ Kay Alford
                                                 Courtroom   Deputy   Clerk

6